UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE DE LA CRUZ MARQUEZ,<br>Petitioner,<br>v.<br>WARDEN,<br>Respondent. | No. 1:26-cv-08852-DAD-CKD<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT<br><br>(Doc. Nos. 1, 2, 3) |

On October 28, 2026, petitioner, proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) That same day, petitioner filed a motion for temporary restraining order (Doc. No. 2), and a motion to appoint counsel. (Doc. No. 3). On October 29, 2026, the court set a briefing schedule on the pending motion and directed respondent to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 5.) Respondent was further directed to state any opposition that it has to the court's stated intention to rule on the underlying petition based on the current briefing before it as well as to provide substantive reasons in support of its position in this regard in its opposition. (*Id.*)

On November 2, 2026, respondent filed an opposition to the motion for temporary restraining order. (Doc. No. 7.) Therein, respondent concedes that petitioner is detained pursuant to 8 U.S.C. § 1226(a) and is therefore entitled to a bond hearing. (*Id.* at 1.) Respondent also states that it does not oppose this court ruling on the merits of the petition based upon the briefing presently before it (*id.*), and the court will do so.

Based upon the parties' briefing, the court finds the following facts. Petitioner is a citizen of Mexico who entered the United States on or about September 17, 2002, without inspection. (Doc. Nos. 1 at ⁋ 23; 7-1 at 1; 7-2 at 1.) On or about October 5, 2026, ICE agents detained petitioner. (Doc. No. 7-1 at 2.). On or about October 21, 2026, the government issued a notice to appear and provided petitioner with an initial custody determination. (Doc. Nos. 7-2 at 1-3; 7-3 at 1.)

As noted, respondent concedes that petitioner's detention is governed by 8 U.S.C. § 1226(a). (Doc. No. 7 at 1.) The undersigned has previously explained that the government must provide noncitizens who are subject to § 1226(a) with an initial custody determination and issue a notice to appear prior to or contemporaneously with their detention. *Zurita Navarro v. Warden, Cent. Valley Annex Det. Facility*, No. 1:26-cv-05661-DAD-SCR (HC), 2026 WL 2294963, at *2 (E.D. Cal. Aug. 10, 2026). The undersigned has also explained that failure to comply with either of these requirements provides a sufficient basis mandating a petitioner's release. *Id.* Here, ICE arrested petitioner pursuant to a warrant on October 5, 2026, but failed to issue a notice to appear or provide him with an initial custody determination until October 21, 2026. (Doc. Nos. 7-1 at 2–4; 7-2 at 1–3; 7-3 at 1.) Accordingly, pursuant to the reasoning set forth in *Zurita Navarro*, the court concludes that petitioner's detention is unlawful and will order his immediate release. 2026 WL 2294963, at *2–3; *see also Giancarlo A.M. v. Cal. City Warden*, No. 1:26-cv-04036-TLN-CSK, 2026 WL 2836725, at *3 (E.D. Cal. Sept. 22, 2026) (concluding that the petitioner's detention was unlawful where the government failed to issue a notice to appear until approximately one month after arresting him and ordering immediate release).

/////

/////

For the reasons stated above,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

    a. Respondent is ORDERED to immediately release petitioner Jose Domingo De La Cruz Marquez, A-File No. 240-174-850, from respondent's custody;

    b. Respondent is ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge at which hearing the burden will be set in accordance with 8 U.S.C. § 1226(a) and its implementing regulations;

3. Petitioner's motions for temporary restraining order (Doc. No. 2) and for appointment of counsel (Doc. No. 3) are DENIED as having been rendered moot by this order granting habeas relief;

4. The Clerk of the Court is directed to serve a copy of this order on the Golden State Annex Detention Facility; and

5. The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to CLOSE this case.

IT IS SO ORDERED.

Dated: **November 4, 2026**

Dale A. Drozd
DALE A. DROZD
UNITED STATES DISTRICT JUDGE